# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CHARLES V. RICE,        )
                                )
      Petitioner,       )
                                )
                                )    Case No. CV412-034
                                )
AL ST. LAWRENCE,     )
                                )
      Respondent.     )

## REPORT AND RECOMMENDATION

Charles Rice filed a 28 U.S.C. § 2241 habeas petition on February 2, 2012.[1] (Doc. 1.) He did not accompany the motion with the $5 statutory filing fee, 28 U.S.C. § 1914, or a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Thus, the Clerk notified him of his filing fee deficiency and instructed him to return the fee or an IFP motion within 21 days. (Doc. 2.) He failed to do so. Instead, he submitted for filing a "petition" complaining that the jail officials have refused to "follow proper protocol" by availing him the information necessary to complete his IFP petition. (Doc. 4-1 at 1.) Normally, the Court would

---

[1] This is a companion case to his pending 42 U.S.C. § 1983 civil rights action, which is also aimed at derailing his ongoing state criminal prosecution. *See Rice v. Saytanides*, No. CV411-310 (S.D. Ga. filed Dec. 12, 2011).

permit him extra time to comply, but there is no need to do so here. For the purposes of this Report and Recommendation, the Court **GRANTS** Rice's request to proceed IFP but recommends that this case be dismissed since he has failed to show that he has exhausted his state court remedies.

Pretrial § 2241 petitions must be exhausted. *Wilkinson v. Dotson*, 544 U.S. 74, 79 2005) (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Georgia law

> allows pretrial detainees to raise each of these types of claims either during state criminal proceedings or collaterally in a state habeas corpus action. *See Perera v. Miller*, 283 Ga. 583, 662 S.E.2d 544, 544 (Ga. 2008) (noting that criminal defendants can bring speedy trial claim and ineffective assistance of counsel claims during the course of criminal proceedings); *Jackson v. State*, 279 Ga. 449, 614 S.E.2d 781, 783–84 (Ga. 2005) (ruling on speedy trial claim and due process claim based on preindictment delay; claims initially brought in motion for a new trial and reasserted on direct appeal); *Rainwater v. Langley,* 277 Ga. 127, 587 S.E.2d 18, 19–20 (Ga. 2003) (challenging pretrial detention in state habeas petition); *Banks v. Waldrop*, 272 Ga. 475, 531 S.E.2d 708, 708 (Ga. 2000) (holding that challenge to pretrial detention based on contention of improper denial of bail is properly brought in state habeas petition); *McClure v. Hopper*, 234 Ga. 45, 214 S.E.2d 503, 506 (Ga. 1975) (holding that claim based on denial of a timely first appearance may be cognizable in habeas corpus action).

*Harvey v. Corbin*, 2011 WL 4369828 at * 2 (S.D. Ga. Aug. 12, 2011).   As in

*Harvey*, Rice "has not alleged, and there is nothing in the record to

suggest, that he filed a state habeas petition challenging his pre-trial

detention." *Id.*   Therefore, his petition should be **DISMISSED**

**WITHOUT PREJUDICE** so that he may exhaust available state

remedies.[2]

        **SO REPORTED AND RECOMMENDED** this __7th__ day of

March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

    [2] Rice's IFP response also includes an utterly frivolous "petition for discretionary review" insisting that everyone involved in his pending state criminal prosecution, including his own public defender, has conspired to violate his civil rights and should thus be prosecuted pursuant to 18 U.S.C. §§ 241 & 242.   (Doc. 4.)   He has no right to institute criminal proceedings, nor do those statutes give rise to a private cause of action.   *See, e.g., Kelly v. Rockefeller*, 69 F. App'x 414, 415-16 (10th Cir. 2003) (no private right of action under §§ 241 or 245); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action under §§ 241 and 242); *Willing v. Lake Orion Cmty. Sch. Bd. of Trs.*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) (§ 241 does not give rise to a private cause of action).)   Additionally, he asserts that he is a sovereign citizen exempt from prosecution, and enjoys protections under the Uniform Commercial Code.   (Doc. 4 at 8.)   The Uniform Commercial Code, which is a *model* code, is of no use to him.   Nor is the Georgia Commercial Code.   Those provisions apply to commercial transactions, not to criminal prosecutions.